Hart, J.
 

 This court is first called upon to determine whether in the absence of fraud or bad faith the courts may override a finding of a board of elections having jurisdiction of the subject matter to the effect that a declaration of candidacy and petition of a candidate for nomination to a public office is valid where no protest against such declaration of candidacy and petition has been filed with such board within the time required by statute.
 

 The pertinent portions of Section 4785-92, General Code, read as follows:
 

 “All separate petition papers comprising the nominating petition of a candidate for election at a general election shall be filed at the same time as one instrument not later than 6:30 p. m. of the ninetieth day before the day of such general election, and shall be accompanied by the written acceptance of nomination by the nominee named in such petition. * * *
 

 “*' * * If the petition nominates a candidate whose election is to be determined by the electors of a district comprised of more than one county but less than all of the counties of the state, it shall be filed with the board of elections of the most populous county in such district. * * *
 

 “All petition papers so transmitted to a board of elections, and all nominating petitions filed with a board of elections, shall, under proper regulations, be open to public inspection until 6:30 p. m. of the eighty-fifth day before the day of such general election.
 

 “Protests against nominating petitions may be filed by any qualified elector eligible to vote for the candidate whose nominating petition he objects to, not later than 6:30 p. m. of the eightieth day before the day of
 
 *378
 
 such general election. Such protests shall be filed with the election officials with whom the nominating petition was filed. Upon the filing of such protest, the election officials with whom it is filed shall promptly fix the time for hearing same, and shall forthwith mail notice of the filing of such protest and the time for hearing same to the person whose nomination is protested. * * * At the time so fixed such election officials shall hear the protest and determine the validity or invalidity of the petition. Such determination shall be final. ’ ’
 

 This court has repeatedly held that the requirements of the state election statutes are mandatory and must be strictly complied with.
 
 Koehler, Jr.,
 
 v.
 
 Board of Elections of Butler County,
 
 125 Ohio St., 251, 181 N. E., 107;
 
 State, ex rel. Fowler, v. Board of Elections of Fulton County,
 
 126 Ohio St., 582, 186 N. E., 446;
 
 State, ex rel. McGinley,
 
 v.
 
 Bliss et al., Board of Elections of Summit County,
 
 149 Ohio St., 329, 78 N. E. (2d), 715.
 

 Although a board of elections may declare a declaration of candidacy and petition invalid where such declaration and petition does not conform to requirements specified by law, even though no protests were filed to such declaration and petition or were not filed within the time required by law, because of the board’s inherent power to determine the validity of the declaration and petition, yet where a protest is not filed with the board of elections before the required day prior to the election, it is too late to be effective and the board of elections may disregard it as it did in the instant case.
 
 State, ex rel. Cassidy,
 
 v.
 
 Zaller et al., Board of Elections of Cuyahoga County,
 
 142 Ohio St., 186, 50 N. E. (2d), 991.
 

 This court has also held that where a candidate has complied with the provisions of law with regard to the preparation and filing of the declaration of candidacy and petition, the board of elections has no discretion
 
 *379
 
 in the matter bnt a ministerial duty to certify the candidate’s name to be printed on the ballot and may be compelled by mandamus to perform that duty.
 
 State, ex rel. Smith,
 
 v.
 
 Smith, Secy. of State,
 
 101 Ohio St., 358, 129 N. E., 879.
 

 In the opinion of the court, the filing of the protest in the instant case after the time designated in the statute was a nullity and the board was warranted in disregarding it. Since there was no protest seasonably filed with the board of elections and since the board found the candidate’s declaration and petition valid, were the courts warranted in enjoining the board from permitting the name of Hubert Phillips to appear on the ballot?
 

 Sections 5004 to 5007, inclusive, General Code, in force prior to 1912, were analogous to present Section 4785-92, General Code, and contained the provision that the findings of the Secretary of State, State Supervisor of Elections and deputy state supervisors as to the sufficiency of certificates of nomination and nomination papers were final.
 

 In the case of
 
 State, ex rel. Buel,
 
 v.
 
 Joyce et al., Deputy State Supervisors,
 
 87 Ohio St., 126, 100 N. E., 325, this court said:
 

 “The sections of the election laws which are now numbered Sections 5005, 5006 and 5007, General Code, have been under consideration by this court several times; and it has been uniformly held that the decision of the Secretary of State, when acting in the capacity of State Supervisor of Elections, upon written objections to certificates of nomination and nomination papers or upon other questions arising in the course of nomination of candidates, is final.
 
 Chapman
 
 v.
 
 Miller,
 
 52 Ohio St., 166;
 
 Randall
 
 v.
 
 State, ex rel.,
 
 64 Ohio St., 57;
 
 State, ex rel.,
 
 v.
 
 Stewart,
 
 71 Ohio St., 55. The statute so declares; and as at present advised, this court is of the opinion that those matters are not per se the
 
 *380
 
 subject of judicial cognizance, but are matters for political regulation and well within the legislative power.” See, also,
 
 State, ex rel. Gongwer,
 
 v.
 
 Graves, Secy. of State,
 
 90 Ohio St., 311, 107 N. E., 1018;
 
 State, ex rel. Crull,
 
 v.
 
 Eidgenoss et al., Deputy State Supervisor of Elections,
 
 108 Ohio St., 493, 141 N. E., 277;
 
 State, ex rel. Burgstaller,
 
 v.
 
 Franklin County Board of Elections,
 
 149 Ohio St., 193, 196, 78 N. E. (2d), 352.
 

 The second question raised is whether, where a person has been using two names for many years both before and after the enactment of Sections 4785-70a, 4785-90a and 4785-98a, General Code, and more than ten years before the filing of his declaration of candidacy and petition, the use of either of such names in such declaration and petition constitutes a change of name within the purview and meaning of such statutes.
 

 It is universally recognized that a person may adopt any name he may choose so long as such change is not made for fraudulent purposes.
 

 On this subject 38 American Jurisprudence, 610, Section 28, states:
 

 ‘1
 
 In the absence of a statute to the contrary, a person may ordinarily change his name at will, without any legal proceedings, merely by adopting another name. He may not do so, however, for fraudulent purposes. In most jurisdictions, a change of one’s name is regulated by statutes which prescribe the proceedings by which such change is to be accomplished.”
 

 And it has been held that where a person is as well known by one name as by another, the use of either name is sufficient.
 
 Gillespie
 
 v.
 
 Rogers,
 
 146 Mass., 610, 16 N. E., 711.
 

 The Court of Appeals seems to have taken the position that if a candidate has two names he must use both in his declaration of candidacy and petition and, consequently, on the ballot. The statute applies only where the candidate has changed his name within 10
 
 *381
 
 years next preceding the filing of his declaration of candidacy and petition, or next preceding his nomination by petition. In the opinion of this court, under the factual situation, neither the letter nor the spirit of the statute has been violated by the candidate. The clear purpose of the statute is to prevent a candidate from changing his name to another to avoid an unfavorable result in the use of the abandoned name or to secure advantage by the use of such other name.
 

 In the present case, the candidate has used both names continuously from childhood under the circumstances and for the reasons set out in the stipulated facts, and there has been no change in that practice.
 

 It is the opinion of this court that the statutes in question have no application to the situation or status of the candidate, and that the board of elections was justified in approving as valid his declaration of candidacy and petition for nomination.
 

 The judgment of the Court of Appeals is reversed and final judgment is entered for 'the defendants.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Stewart, Turner and Taft, JJ., concur.
 

 Weygandt, C. J., dissents.