DENNIS, Appellant,

v.

**FORD MOTOR COMPANY et al., Appellees.**

[Cite as *Dennis v. Ford Motor Co.* (1997), 121 Ohio App.3d 318.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006575.

Decided July 16, 1997.

*Marion B. Amato*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Sandra J. Lisowski*, Assistant Attorney General, for appellee Insustrial Commission.

*Timothy J. Krantz*, for appellee Ford Motor Company.

BAIRD, Judge.

Appellant Walter Dennis, a.k.a. David Colson, appeals the decision of the Lorain County Common Pleas Court granting summary judgment to Ford Motor Company on its appeal of the allowance of Dennis's claim for workers' compensation. We reverse.

I

Appellant, using his birth name David Colson, worked for Ford from 1969 until 1973. In 1976, appellant, using the name of his deceased brother Walter Dennis, was rehired by Ford.

In 1993, appellant, still using the name Walter Dennis, filed a workers' compensation claim alleging that on or about April 1992, he sustained an injury within the scope and course of his employment with Ford. The Industrial Commission of Ohio allowed the claim, and Ford appealed that decision to the common pleas court.

Appellant, again using the name Walter Dennis, filed his complaint in the common pleas court. In its answer, Ford admitted that "plaintiff [Walter Dennis] was an employee" but denied that he had sustained a work-related injury.

During discovery, Ford took appellant's deposition. During that deposition, appellant admitted that, while he was employed at Ford, he had been using the assumed name of Walter Dennis and a social security number he obtained on behalf of Walter Dennis. He also admitted using the Dennis name and social security number in filing his workers' compensation claim.

Ford moved to dismiss Dennis's complaint for failure to state a claim and for summary judgment, claiming that it had learned of Walter Dennis's true identity during his deposition and that, since Walter Dennis no longer exists, Walter Dennis does not have standing[1] to prosecute a workers' compensation claim.

In response, appellant argued that Ford had admitted in its answer to his complaint that he was a Ford employee at the time of the alleged work-related injury and that Ford had been aware of his true identity since at least 1988. Appellant produced a copy of a memorandum to appellant's personnel file, which his counsel claimed by affidavit was received from Ford during discovery. That memorandum, bearing a Ford logo, was signed by H. Hardy on September 29, 1988 and stated, "This man's name is David Colson, 252–76–5378. He was discharged on 6–13–73 for striking a foreman. He was hired (again) on 8–17–76 under the name of Walter Dennis, a deceased relative."

---

1. It appears that the substance of Ford's challenge was appellant's lack of capacity to sue, not his standing. Standing concerns the issue of whether a plaintiff can show an injury traceable to the conduct of the defendant. *Country Club Townhouses—N. Condominium Unit Owners Assn. v. Slates* (Jan. 24, 1996), Summit App. No. 17299, unreported, at 3, 1996 WL 28003. Capacity involves the issue of whether a party may properly sue, either as an entity or on behalf of another. *Id.* at 3–4.

The trial court granted Ford's motion for summary judgment, finding that on the date of the alleged injury Walter Dennis was deceased, was not an employee of Ford, and had no right to participate in the Workers' Compensation Fund.

Appellant appeals from that judgment, asserting a single assignment of error:

"The trial court erred in granting summary judgment to Defendant Ford Motor Company as there exist material issues of fact relative to the issue of the plaintiff's right to participate in the Workers' Compensation Fund and Defendant Ford Motor Company was not entitled to judgment as a matter of law."

## II

■ Appellant does not deny that he was working at Ford at the time of injury under an assumed name. He claims, however, that Ford knew of his true identity since 1988, paid him as Walter Dennis, and issued him W–2 forms under the name and social security number of Walter Dennis. Appellant maintains that under Ohio law, *Pierce v. Brushart* (1950), 153 Ohio St. 372, 41 O.O. 398, 92 N.E.2d 4, a person may adopt any name he chooses so long as the choice is not made for fraudulent purposes.

Although *Pierce v. Brushart* provides some guidance, that case involved an untimely challenge to a candidacy brought under the state election statutes. Plaintiffs sought to enjoin a board of elections from printing the candidate's name on the ballot as Hubert Phillips where the candidate's birth father's name was Carrington. The candidate's mother had married someone named Phillips when the candidate was seven years old, and the candidate was generally known thereafter privately and publicly as Hubert Phillips. Despite this, he had married under the name of Carrington, had been employed under that name, and his social security card listed his name as Carrington. His tax returns were filed under the name "Hubert Carrington also known as Hubert Phillips."

In upholding the decision of the board of elections to approve the candidacy of Hubert Phillips, the Ohio Supreme Court noted that "[i]t is universally recognized that a person may adopt any name he may choose to as long as such change is not made for fraudulent purposes." *Id.* at 380, 41 O.O. at 402, 92 N.E.2d at 8, relying on 38 American Jurisprudence, 610, Section 28. It is still considered a "well-established principle of common law, that a person is free to adopt and use any name that he or she sees fit, if it is not done for any fraudulent purpose and does not infringe on the rights of others * * * even where there is a statutory procedure for effecting a change of name." 57 American Jurisprudence 2d (1988), Name, Section 16.

R.C. 2717.01(A) provides a procedure in Ohio by which someone "desiring a change of name *may* file an application in the probate court." (Emphasis added.)

The language of this statute is permissive, not mandatory. Thus, an Ohio resident may change his name without following the statutory procedure so long as he does not do so for a fraudulent purpose and does not infringe the rights of others.

Ford maintains that appellant did indeed perpetuate a fraud upon it by using a false name and social security number. A party alleging fraud must be able to prove the existence of *all* the following elements:

"(a) a representation or, where there is a duty to disclose, concealment of a fact,

"(b) which is material to the transaction at hand,

"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d) with the intent of misleading another into relying upon it,

"(e) justifiable reliance upon the representation or concealment, and

"(f) a resulting injury proximately caused by the reliance." *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus.

Appellant testified that he took the name of Walter Dennis for credit reasons. It is undisputed that he used that name when he reapplied for work at Ford. Ford has not demonstrated, however, how appellant's use of a false name and ill-gotten social security number was material to appellant's workers' compensation claim. Nor has Ford shown how it was injured by appellant's misrepresentation. Whether the individual hired by Ford in 1976 used the name Dennis or Colson, if that person was indeed injured in the course of his employment in 1992, his claim for workers' compensation would lie. In alleging fraud, Ford may not rely on injuries appellant's creditors or others may have sustained as the result of appellant's deception.

We are not unmindful that Civ.R. 17(A) requires that every action be prosecuted in the name of the real party in interest. "A 'real party in interest' has been defined as '* * * one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, *i.e.*, one who is *directly* benefited or injured by the outcome of the case. * * *.' (Emphasis *sic.*) *West Clermont Edn. Assn. v. West Clermont Bd. of Edn.* (1980), 67 Ohio App.2d 160, 162 [21 O.O.3d 457, 458–459, 426 N.E.2d 512, 514]." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 211, 485 N.E.2d 701. The purpose behind the real-party-in-interest rule is " ' "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected

against another suit brought by the real party in interest on the same matter." ' " *Id.* at 24–25, 20 OBR at 211, 485 N.E.2d at 702, quoting *Celanese Corp. of Am. v. John Clark Industries* (C.A.5, 1954), 214 F.2d 551, 556.

■ To determine whether an action has been brought by the real party in interest, a court "must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Id.* at 25, 20 OBR at 211, 485 N.E.2d at 703.

■ R.C. 4123.54 provides that "[e]very employee, who is injured * * * in the course of employment * * * is entitled to receive * * * compensation for loss sustained on account of the injury." An "employee" for purposes of the Workers' Compensation Act includes "[e]very person in the service of any * * * private corporation." R.C. 4123.01(A)(1)(b). "The purpose of the Workers' Compensation Act is * * * to protect the employee against risks and hazards incident to the performance of his work." *Phelps v. Positive Action Tool Co.* (1986), 26 Ohio St.3d 142, 144, 26 OBR 122, 123, 497 N.E.2d 969, 971.

■ The person calling himself Walter Dennis is the employee who was in the service of Ford from 1976 until the time he filed a workers' compensation claim for injury allegedly sustained in the course of his employment with Ford. He did not adopt the name of Walter Dennis only for purposes of submitting his claim for workers' compensation. He had used that name as an employee of Ford since 1976. Moreover, Ford admitted in its answer to appellant's complaint that "Plaintiff was an employee." The effect of such a judicial admission is to remove from issue the fact of whether appellant was a Ford employee. A party having the burden of proof on a material fact need not offer any evidence to prove it if it has been judicially admitted by the opposing party. *Gerrick v. Gorsuch* (1961), 172 Ohio St. 417, 17 O.O.2d 353, 178 N.E.2d 40, paragraph two of the syllabus. Any further evidence with respect to that fact is without material effect. *Id.* at 420, 17 O.O.2d at 354, 178 N.E.2d at 42. Therefore, Ford may not now dispute that appellant was a Ford employee at the time of his alleged injury.

■ We find that Walter Dennis is the real party in interest to this action. He is an employee who has a substantive right to relief under the Workers' Compensation Act. This finding is in keeping with the purpose of Civ.R. 17(A) in that Ford may avail itself of whatever evidence and defenses it may have to appellant's claims and assures Ford of the finality of whatever judgment is rendered by the common pleas court. The claimant having chosen to be Dennis and to proceed with his claim under that name, it will not be possible for David Colson to emerge after resolution of this matter to claim compensation for his or Walter Dennis's 1992 injury, thereby subjecting Ford to another suit for the same claim.

The trial court erred in finding that Walter Dennis was not an employee of Ford and had no right to participate in the Workers' Compensation Fund, and in granting summary judgment to Ford. Appellant's assignment of error is sustained.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE, J., concurs.

QUILLIN, P.J., concurs in judgment only.

QUILLIN, Presiding Judge, concurring.

I concur in judgment only, because I am not convinced that this action has been brought by the real party in interest.   Who is the plaintiff?