### In re NAME CHANGE OF HANDLEY.

Probate Court of Franklin County,
Ohio.

No. 470503.

Decided June 8, 2000.

*Lou Friscoe* and *Robert William Handley,* for petitioner.

LAWRENCE A. BELSKIS, Judge.

This matter came before the court upon a continuation from a magistrate's decision regarding the petition of Robert William Handley to change his name to Santa Robert Claus. Upon initial discussion, this matter was converted to an objection to the magistrate's decision regarding Handley's name change petition. The magistrate was unable to find a reasonable and proper cause to change the petitioner's name to Santa Robert Claus. However, the magistrate found that it would be reasonable and proper for the petitioner to change his name to a name that would reflect the spirit of Santa Claus while retaining the last name of "Handley." The parties in appearance were Lou Friscoe, attorney for the petitioner, and Robert William Handley, petitioner.

The petitioner filed an application with the court on December 29, 1999 to change his name to Santa Robert Claus. In his application, he stated that children have called him "Santa Bob" year round and that he lives his life for the children. The petitioner is a rotund gentleman with a full white beard and wears wire glasses, which he says attributes to people commenting on his resemblance of Santa Claus. The petitioner has been acting the role of Santa Claus for over forty years, initially playing the role in a school play at age fourteen. The petitioner receives gratuity for his portrayal of Santa Claus at various events, but it does not cover his expenses incurred. The petitioner stated in his application, "I don't want people to say you look like Santa, I want to be Santa."

A person can change his name pursuant to R.C. 2717.01(A) upon filing an application with the probate court and a showing that there is a "reasonable and proper cause" for changing the applicant's name.

The standard for deciding whether to permit a name change is proof that the facts set forth in the application show "reasonable and proper cause" for changing the name of the applicant. *In re Willhite* (1999), 85 Ohio St.3d 28, 30, 706 N.E.2d 778, 781. The court has discretion in determining whether a name change, is "reasonable and proper" by reviewing all facts and circumstances surrounding the name change, including the reasons expressed by the petitioner for the change and the name to be approved. In re *Application of Sakaris* (1993), 160 Misc.2d 657, 660–661, 610 N.Y.S.2d 1007, 1010. The primary reason for denying a requested name change application is the potential for fraud,

particularly where it could lead to financial abuse or misrepresentations in society. *Id.* at 661–662, 610 N.Y.S.2d at 1011. See, also, *Marshall v. Florida* (Fla.App.1974), 301 So.2d 477, 477–478. A person may adopt any name he chooses, provided that it is done in good faith and not against public policy, nor for a fraudulent purpose. *Pierce v. Brushart* (1950), 153 Ohio St. 372, 380, 41 O.O. 398, 402, 92 N.E.2d 4, 8. See, also, *State ex rel. Bucher v. Brower* (C.P.1941), 21 O.O. 208, 1941 WL 3383. Courts have held that it would be reasonable and proper for an individual to change his name if the request is not intended to interfere with the rights of others, nor to confuse or mislead the public. See *Marshall v. Florida,* 301 So.2d at 477–478. Furthermore, an application will be deemed reasonable and proper if the application does not violate any other overriding public policy considerations. *In re Application of Novogorodskaya* (1980), 104 Misc.2d 1006, 1007, 429 N.Y.S.2d 387, 388.

█ The court finds that there is an economic value to the name of Santa Claus. The court finds no fraudulent intent of the petitioner to take advantage of the economic value for the use of the name. However, the court finds public policy reasons to deny the petitioner's request, particularly the interference with the rights of others. The petitioner is seeking more than a name change, he is seeking the identity of an individual that this culture has recognized throughout the world, for well over one hundred years. Thus, the public has a proprietary interest, a proprietary right in the identity of Santa Claus, both in the name and the persona. Santa Claus is really an icon of our culture; he exists in the minds of millions of children as well as adults.

The history of Santa Claus—the North Pole, the elves, Mrs. Claus, reindeer—is a treasure that society passes on from generation to generation, and the petitioner seeks to take not only the name of Santa Claus, but also to take on the identity of Santa Claus. Although thousands of people every year do take on the identity of Santa Claus around Christmas, the court believes it would be very misleading to the children in the community, particularly the children in the area that the petitioner lives, to approve the applicant's name change petition.

Therefore, for the foregoing reasons, the court finds that it would be against public policy to grant the application of the petitioner. This court does not believe it would be reasonable and proper pursuant to R.C. 2717.01 to grant the petitioner his request. The court will concur and sustain the magistrate's decision.

*Petition denied.*