The STATE of Ohio

v.

HAYES a.k.a. Santa Claus.█

█ 2002-Ohio-4228.]

Warren Municipal Court,
Trumbull County, Ohio.

No. 2002 TRD 1583.

Decided July 1, 2002.

Traci Timko–Rose and Warren Law Department, for plaintiff.

Guarnieri & Secrest and Michael D. Rossi, for defendant.

THOMAS P. GYSEGEM, Judge.

{¶ 1} The defendant, Warren J. Hayes, hereinafter referred to as Santa Claus,[1] stands charged with a first-degree misdemeanor violation of prohibited acts R.C. 4507.30 in that he did on the 20th day of December 2001, display or possess an identification card knowing the same to be fictitious. (See Appendix.)

{¶ 2} On the date in question, Santa was operating a motor vehicle that was involved in a minor fender bender. Following the accident for which Santa paid cash money on the spot to the individual whose car he had hit, Santa displayed his Ohio Identification Card to Warren patrolman Eric Merkel.

{¶ 3} It is well settled that an individual is prohibited from possessing both an Ohio driver's license and an Ohio Identification Card at the same time. R.C. 4507.50(A) and 4507.52. Warren Hayes is an Ohio licensed driver who does not

---

1. *Jolly old Saint Nicholas, lean your ear this way!*
 *You tell every single soul what I'm going to say;*
 *Trial day is coming soon; Now you dear old man,*
 *Concerning BMV and you—I'll tell you best I can!*

have an Ohio Identification Card. Santa is not an Ohio licensed driver who does have an Ohio Identification Card. Because Warren Hayes is a licensed Ohio Driver, the state charged Santa with displaying a "fictitious" identification card. State's Exhibit A is a copy of Santa's December 20, 2000 application for an Ohio Identification Card. Santa's Ohio Identification Card expires on December 25, 2003. Exhibit A contains a box wherein the applicant (Santa) checked the box that he did not possess a current driver's license.

{¶ 4} On April 25, 2002, a hearing was held pursuant to Santa's motion to dismiss (filed April 12) and the state's response thereto (filed the day of hearing). No witnesses testified, but Santa produced 8 documents in support of his oral argument that were marked and admitted without objection as "Court's Exhibits AA—HH," respectively.

{¶ 5} Due to the nature of the charge and the facts and circumstances at issue, the court finds that the exhibits in question are quite relevant to the issues at hand:

{¶ 6} Exhibit AA is a copy of a "Certificate of Birth" for one Santa Claus born at the North Pole December 25th in the year 383 A.D. to Mr. Claus and Holly Noel with Dr. Snowflake attending;

{¶ 7} Exhibit BB contains copies of Ohio Identification Cards with photos of Santa for the years 1996 and 1997 issued to Santa Claus by the state of Ohio, indicating residence at 1 Noel Drive, North Pole OH 44481, as well as a copy of AAA Temporary Membership card for the year 1995;

{¶ 8} Exhibit CC contains copies of Ohio Identification Cards with photos of Santa for the years 1985–1990 and 1988–1992 issued to Santa Claus by the state of Ohio, indicating residence at 1 Noel Drive, North Pole USA, as well as a copy of certificate of title issued to Santa Claus on December 17, 1987, by the state of Ohio for one 1965 Volkswagen 2–Door Sedan;

{¶ 9} Exhibit DD contains copies of Ohio Identification Cards with photos of Santa for the years 1982–1986 and 1985–1988 issued to Santa Claus by the state of Ohio, indicating residence at 1 Noel Drive, North Pole USA, as well as a copy of a blank check No. 117 on the account of Santa Claus and Mrs. Santa Claus No. 115* * * with the Second National Bank of Warren;

{¶ 10} Exhibit EE is an actual vehicle registration CV* * * issued to Santa Claus for $60.15 on October 31, 1992 by the state of Ohio for the 1965 Volkswagen mentioned in Exhibit CC;

{¶ 11} Exhibit FF is an actual vehicle registration BB* * * issued to Santa Claus for $56.75 on December 11, 1989, by the state of Ohio for the 1965 Volkswagen mentioned in Exhibit CC;

{¶ 12} Exhibit GG is an actual vehicle registration expiration notice for the registration issued in Exhibit FF mailed to Santa Claus by the state of Ohio for the 1965 Volkswagen mentioned in Exhibit CC; and

{¶ 13} Exhibit HH is an actual vehicle registration A* * *-NA issued to Santa Claus for $58.15 on December 20, 2001, by the state of Ohio for the 1965 Volkswagen mentioned in Exhibit CC.

{¶ 14} In essence, this case reveals a situation where an individual is going by more than one name. It has long been established in Ohio that a person may change his or her name either by petitioning the probate court[2] or by the simple expedient of adopting and using a new one. Both procedures are equally valid in the eyes of the law. A person may change his name at any time or even use several different names, so long as he does not do so for a fraudulent purpose. *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 333, 528 N.E.2d 180; *State ex rel. Morrison v. Franklin Cty. Bd. of Elections* (1980), 63 Ohio St.2d 336, 339, 17 O.O.3d 420, 410 N.E.2d 764: *Pierce v. Brushart* (1950), 153 Ohio St. 372, 380, 41 O.O. 398, 92 N.E.2d 4; *In re Name Change of DeWeese*, 148 Ohio App.3d 201, 2002–Ohio–2867, 772 N.E.2d 692.

{¶ 15} There can be no doubt based on the aforesaid exhibits that Santa and the Bureau of Motor Vehicles ("BMV") have had a solid and ongoing relationship for 20 years. Santa has applied for and been issued numerous state photo identification cards, certificates of title, and applications for vehicle registration.

{¶ 16} The Ohio Supreme Court's decision in *State v. Hashmall* (1954), 160 Ohio St. 565, 52 O.O. 453, 117 N.E.2d 606, is therefore dispositive. In *Hashmall*, the Supreme Court interpreted former General Code 6290–16, which forbade the use in an application for a motor vehicle certificate of a "false or fictitious name." The court held that "the statutory words 'uses a false or fictitious name' necessarily refer to the use of a name for a fraudulent purpose." Id. at 567, 52 O.O. 453, 117 N.E.2d 606.

{¶ 17} In this case, there is no evidence that Santa adopted his name for the purpose of avoiding any just debt or the payment of taxes. To the contrary, Santa routinely paid (and the state of Ohio accepted) taxes and registration fees

---

**2.** Parenthetically, there is one Ohio case where the petitioner sought a probate court order legally changing his name to Santa Claus. The petition was refused on public policy grounds. *In re Name Change of Handley* (2000), 107 Ohio Misc.2d 24, 736 N.E.2d 125. However, that case is distinguishable because it involved a request for advance judicial approval of a contemplated name change. Requests for judicial approval of a name change using the statutory procedure involve additional considerations that are not involved when a person performs a common-law name change by simply adopting and using a new name. Cf. *In re Bicknell* (Feb. 12, 2001), Butler App. Nos. CA2000–07–140 and CA2000–07–141, 2001 WL 121147, reversed in *In re Bicknell,* 96 Ohio St.3d 76, 2002–Ohio–3615, 771 N.E.2d 846.

under the name of Santa for many years. Consequently, Santa's use of his appellation can in no sense be viewed as fraudulent.

{¶ 18} The court understands the state's position in this matter. In light of the tragedies of September 11, the citizens of Ohio should be most appreciative of the "tight ship" under which the Ohio Bureau of Motor Vehicles operates. This state's BMV requires stringent forms of identification before it issues any form of its own official identification. Without such strict efforts on BMV's part, it would be much easier for would-be terrorists or criminals to obtain much sought-after *fraudulent* identification that could more easily enable them to act out ghastly plans of skullduggery. As well, this court is continuously made aware of the excellent efforts of the Warren Police Department at enforcing the traffic and criminal laws and ordinances of this state and city.

{¶ 19} In short, the court's dilemma is whether Santa's act of displaying this identification card under these circumstances and with this history (noted above) violated the law, to wit, Was this identification card "fictitious"?

{¶ 20} Webster's Seventh New Collegiate Dictionary defines "fictitious." Its analysis of the word includes a synonym comparison with "fabulous," "legendary," "mythical," and "apocryphal":

{¶ 21} *"Fabulous* stresses the marvelous or incredible character of something without distinctly implying impossibility or actual nonexistence; *Legendary* suggests the elaboration of invented details and distortion of historical facts produced by popular tradition; *Mythical* implies a purely fanciful explanation of facts or the creation of beings and events out of the imagination; *Apocryphal* implies an unknown or dubious source or origin for an account circulated as true or genuine. \* \* \* *Fictitious implies fabrication and suggests artificiality or contrivance more than deliberate falsification or deception."*[3] (Emphasis added.)

{¶ 22} Had Santa been charged with being "fabulous, legendary, mythical or apocryphal," he might well indeed be guilty facing up to 180 days in jail and a $1,000 fine. However, to sustain the burden of going forward, the state must make a showing that Santa knowingly displayed an identification card that was "fictitious." This the state has not done. The fact that Santa had an ongoing

---

3. Fortunately, this court is not called upon to reach an ultimate determination of the issue as to the actual existence of Santa Claus. The acts here in question are indeed "fabulous," as this court finds the Santa to be an "incredible character." Santa's course of conduct with the BMV is tantamount to "legendary" in that his acts "produced by popular tradition" are found to have "invented details and distortion of historical facts," to wit, a birth occurring in 385 A.D. Indeed, Santa may well be "mythical" as this whole rendition originated from a "creation of beings and events out of the imagination." And finally the "unknown or dubious source" for the origin of this story makes for an "apocryphal" scenario.

relationship for 20 years with the BMV is not indicative of "artificiality or contrivance," for, in fact, under the publicly held records of the Ohio Bureau of Motor Vehicles, Santa has been a "real person" since as early as 1982.

{¶ 23} By way of analogy, the court in *Frate v. Al–Sol, Inc.* (1999), 131 Ohio App.3d 283, 287, 722 N.E.2d 185, fn. 5, stated:

{¶ 24} " '*Fictitious* name' means a name used in business or trade that is *fictitious* and that the user has not registered or is not entitled to register as a trade name." (Emphasis original.)

{¶ 25} In the case at bar, Santa has been a registered name with the BMV since 1982. This court finds that Santa's act of displaying his Ohio Identification Card to the officer can in no way be construed to be a violation of R.C. 4507.30.

{¶ 26} The court grants Santa's motion.[4]

{¶ 27} CASE DISMISSED.

{¶ 28} IT IS SO ORDERED.

Case dismissed.

---

4. *He sees you when you're sleeping*
 *He knows when you're awake*
 *He knows if you've been bad or good*
 *So be good for goodness sake!*