[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 76.]

IN RE BICKNELL ET AL., APPELLANTS.

[Cite as *In re Bicknell,* 2002-Ohio-3615.]

*Change of name—Request to change surnames of same-sex, unmarried, cohabiting couple is reasonable and proper under R.C. 2717.01, when—R.C. 2717.01(A), construed and applied.*

(No. 2001-0609—Submitted April 10, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Butler County, Nos. CA2000-07-140 and CA2000-07-141, 2001-Ohio-4200.

_____

ALICE ROBIE RESNICK, J.

{¶1} In January 2000, appellants, Jennifer Lane Bicknell and Belinda Lou Priddy, filed individual applications with the Butler County Probate Court to have their surnames changed to "Rylen," which is a combination of letters from both of their last names. The reason given on both applications was "Applicant desires to legally have the same last name as her long-term partner of nine (9) years. This name change will only add to the level of commitment they have for each other, as well as that of their unborn child. Also, so that this tender and new family will have a unified name in the eyes of the law." At the time of the hearing on the applications, Ms. Bicknell was pregnant by artificial insemination.

{¶2} A magistrate issued a decision denying both applications, writing, "To grant their petitions would be contrary to the public good, contrary to encoded public policy, and contrary to natural law." Although the probate court rejected the magistrate's conclusions of law, it also denied the applications, concluding, "It is not reasonable and proper to change the surnames of cohabiting couples, because to do so would be to give an aura of propriety and official sanction to their

cohabitation and would undermine the public policy of this state which promotes legal marriages and withholds official sanction from non-marital cohabitation."

**{¶3}** The court of appeals affirmed the decision of the trial court, holding: "We find that there is support for the trial court's determination that Ohio law favors solemnized marriages and that cohabitation contravenes this policy. Accordingly, the trial court did not abuse its discretion by finding that court sanctioning of the use of the same surname by two unmarried cohabitants is against Ohio's public policy promoting marriage." The cause is now before this court on the allowance of a discretionary appeal.

**{¶4}** This is a case of first impression in Ohio, and in spite of the unique circumstances involved, the only issue before us is whether the appellants' request to change their surnames is reasonable and proper under R.C. 2717.01. We hold today that it is and therefore reverse the judgment of the court of appeals.

**{¶5}** R.C. 2717.01(A) states:

**{¶6}** "A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name.

**{¶7}** "* * *

**{¶8}** "Upon proof that proper notice was given and that the facts set forth in the application show *reasonable and proper cause* for changing the name of the applicant, the court may order the change of name." (Emphasis added.) Moreover, in *Pierce v. Brushart* (1950), 153 Ohio St. 372, 380, 41 O.O. 398, 402, 92 N.E.2d 4, 8, this court noted, "It is universally recognized that a person may adopt any name he may choose so long as such change is not made for fraudulent purposes." Thus, we must determine whether appellants meet the requirements of R.C. 2717.01(A).

**{¶9}** It is undisputed that appellants filed the applications in the Butler County Probate Court, that they lived in Butler County for more than one year, that they stated the reason for which the name changes were sought, and that they identified the requested new name. Thus, this court must decide whether appellants show reasonable and proper cause for changing their names.

**{¶10}** Other jurisdictions have considered this issue. In *In re Bacharach* (2001), 344 N.J.Super. 126, 780 A.2d 579, the Superior Court of New Jersey, Appellate Division, was asked to consider whether the plaintiff would be able to adopt a hyphenated surname to include the name of her same-sex partner. The court began its analysis by observing, "It has been held that names should not be changed for trivial, capricious, or other—reasons that a change of name will be refused if the court entertains a serious doubt as to the propriety of granting it. * * * [M]oreover, a judge may deny such requests if it is based upon an 'unworthy motive,' the possibility of fraud on the public, fraudulent or criminal purposes or that there is an overriding social policy, which militates against the change * * *." Id. at 129, 780 A.2d 579.

**{¶11}** The court reversed the judgment of the lower court, holding, "There is no fraudulent or criminal purpose or any other substantial reason to deny appellant the relief she seeks. We hold that the denial of her request was a misapplication of judicial discretion, and we direct that the hearing judge execute an order granting the application * * *." Id. at 136, 780 A.2d 579. The court further stated:

**{¶12}** "We underscore that the hearing judge did not base his decision on any disapproval of appellant or her same-sex relationship. Rather he found that there was an inappropriate purpose to the application and a potential fraud upon the public because the name change might give the misperception that New Jersey recognizes same-sex marriages as lawful.

**{¶13}** "This concern is misconceived. Appellant and her partner can exchange rings, proclaim devotion in a public or private ceremony, call their relationship a marriage, use the same surname, adopt and rear children. All these actions may be taken in full public view. None are offensive to the laws or stated policies of this state. To deny the applicant a statutory change of a portion of her surname to that of her same-sex partner on the hypothesis that some members of the public may be misled about the legal status of same-sex marriages in New Jersey is far-fetched and inherently discriminatory." Id., 344 N.J.Super. at 135-136, 780 A.2d 579.

**{¶14}** In the case at bar, appellants' only stated purpose for changing their names is to carry the same surname to demonstrate their level of commitment to each other and to the children that they planned to have. Both acknowledge that same-sex marriages are illegal in Ohio, and it is not their intention to have this court validate a same-sex union by virtue of granting the name-change applications. Any discussion, then, on the sanctity of marriage, the well-being of society, or the state's endorsement of nonmarital cohabitation is wholly inappropriate and without any basis in law or fact.

**{¶15}** In summarizing her rationale for the name change, Ms. Bicknell stated, "[W]e just want to share a name so that when we do have kids, when this child is born seven or eight months from now, the three of us will share the same name and we'll be a family."

**{¶16}** Similarly, in *In re Application of Ferner* (1996), 295 N.J.Super. 409, 415, 685 A.2d 78, in which the applicant petitioned to assume a single name, the Superior Court of New Jersey stated that "a properly presented request should not be denied because of an individual judge's preferences or speculation about whether the applicant has made a wise decision."

**{¶17}** Finally, in *In re McIntyre* (1998), 552 Pa. 324, 330, 715 A.2d 400, the Supreme Court of Pennsylvania reasoned, "As the name change statute and the

procedures thereunder indicate a liberal policy regarding change of name requests, * * * we see no reason to impose restrictions which the legislature has not."

{¶18} It is clear that appellants have no criminal or fraudulent purpose for wanting to change their names. They are not attempting to evade creditors or to create the appearance of a state-sanctioned marriage. Accordingly, we hold that appellants' name change applications are reasonable and proper under R.C. 2717.01(A) and, therefore, reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶19} I dissent from the majority's opinion.

{¶20} By our decision today, we have judicially read into a statute an interpretation that I do not believe the General Assembly intended. Allowing unmarried couples, whether homosexual or heterosexual, to legally assume the same last name with the stamp of state approval is directly contrary to the state's position against same-sex and common-law marriages, neither of which Ohio recognizes. This is a social policy decision that should clearly be made by the General Assembly after full public debate and discourse, not by judicial legislation.

{¶21} Therefore, I respectfully dissent and would affirm the judgment of the court of appeals.

_____

Scott E. Knox, for appellants.

Jillian S. Davis and Raymond Vasvari, urging reversal for amicus curiae American Civil Liberties Union of Ohio Foundation, Inc.

Heather C. Sawyer, urging reversal for amici curiae Lambda Legal Defense and Education Fund, Inc. and Ohio Human Rights Bar Association.

David R. Langdon, urging affirmance for amicus curiae American Family Association of Ohio.

_____