OPINION
{¶ 1} Appellant, Santa Claus, a.k.a. Warren J. Hays, appeals from a final judgment of the Trumbull County Court of Common pleas, granting summary judgment to appellee, Erik Merkel. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} This matter involves a malicious prosecution claim arising from a 2001 criminal matter. A record of the underlying criminal matter has not been produced. The following facts are evident from the depositions of the parties and from other materials contained within the record.
 {¶ 3} On or about December 20, 2001, appellee was on duty as a patrolman for the city of Warren, Ohio, and he was visiting his brother who was employed by Red's Auto Glass. Missy Douvas ("Douvas") was also employed by Red's Auto Glass, and she had known appellee for years. While appellee was talking to his brother, appellee was approached by Douvas who informed him that a man who claimed to be Santa Claus backed into her car, causing minor damages.
 {¶ 4} Although appellee did not witness the incident, Douvas relayed details of the incident to appellee. Appellee testified that, as he learned from Douvas, appellant was dressed in a full Santa Claus outfit, including a hat and a white beard, at the time of the incident. Appellant was also driving a car which resembled a sleigh. Appellant and Douvas exchanged information, with appellant presenting Douvas with an identification card. The card had an identification number, RQ266178, as well as other information that Douvas copied and gave to appellee. The identification card gave appellant's address as 1 Noel Drive, Warren, Ohio. Appellant's age was listed as 100, his birthday being December 25, 1900. His name was listed as Santa Claus.
 {¶ 5} Appellant testified that the number listed as his Social Security number on his identification card was actually a federal identification number assigned to a corporation in which he owned the majority of the stock.
 {¶ 6} Because the damages were minor, Douvas did not feel it was necessary to file a report. However, as stated, Douvas approached appellee, told him what happened and explained that she doubted the information on the card was true. Appellee suggested it would probably be best to let the incident go and wait and see if appellant would call Douvas in a few days.
 {¶ 7} Appellee testified that he contacted the Ohio Bureau of Motor Vehicles ("BMV") with the information provided to him by Douvas. After consulting with the BMV, and running the identification number from the identification card through the Law Enforcement Automated Data System ("LEADS"), appellee found the information given to Douvas was from an Ohio identification card, not from a driver's license. The LEADS information stated that the identification card, number RQ266178, was fraudulently obtained by appellant.
 {¶ 8} Appellant's correct Social Security number was obtained, and he was identified as Warren Hays. Appellee testified that he, Dan Farinelli ("Farinelli") of the BMV, and Assistant Prosecutor Tracy Rose ("Rose") met at Rose's office. Upon Rose's suggestion, they decided to prosecute appellant. Appellee and Farinelli jointly filed a complaint against appellant on December 27, 2001, charging appellant with falsification, a first degree misdemeanor, in violation of R.C.2921.13(A)(5). On February 26, 2002, Farinelli alone filed a complaint against appellant, alleging that appellant provided false information to obtain an Ohio identification card, a first degree misdemeanor, in violation of R.C. 4507.30.[1]
 {¶ 9} Appellee testified that he filed the December 27, 2001 complaint because appellant took a picture for a state-issued identification card in a false beard, listed his address to be at 1 Noel Drive, which does not exist, and listed his date of birth to be December 25, 1900, making him over one hundred years old at the time of the incident. Additionally, appellee testified that Farinelli informed him that appellant had previously agreed to stop obtaining fictitious identification cards identifying himself as Santa Claus.
 {¶ 10} Although it does not appear in the record, the parties agree that all the charges filed against appellant were unsuccessful. The record does contain a reference to Hayes, and that opinion indicates that the trial court dismissed the complaint, filed by Farinelli alone, alleging that appellant violated R.C. 4507.30. However, as stated, neither party produced any documents verifying the disposition of the complaint, filed jointly by Farinelli and appellee, alleging that appellant violated R.C. 2921.13(A)(5).
 {¶ 11} Appellant filed a complaint against appellee on March 19, 2002, alleging malicious prosecution and abuse of process. Appellant further alleged violations of Section 1983, Title 42, U.S. Code, arguing that, as a result of the malicious prosecution and abuse of process, he was "deprived of the right to be secure in, and free from unreasonable seizures of his person, guaranteed under the Fourth Amendment, and made applicable to the States through the Fourteenth Amendment * * *; deprived of the privileges and immunities of the citizens of the United States, and deprived of liberty, without due process of law, guaranteed under the Fourteenth Amendment * * *."
 {¶ 12} Appellee moved for summary judgment on October 24, 2002. Appellee argued that appellant could not simultaneously maintain actions for malicious prosecution and abuse of process because the claims are inherently at odds with each other. Regardless, appellee argued he was entitled to judgment as a matter of law on both claims. Appellee further alleged that he was entitled to sovereign immunity pursuant to R.C. Chapter 2744. Attached to appellee's motion were excerpts from his own deposition, excerpts from appellant's deposition, the complaints filed against appellant, and the history of appellant's Ohio identification card produced through LEADS.
 {¶ 13} Appellant replied on November 6, 2002. In his reply, appellant admitted that he could not maintain an abuse of process claim against appellee and stated that he did not oppose summary dismissal of that claim. Appellant argued that R.C. Chapter 2744 was inapplicable to the matter, and he contended that summary judgment was improper because a genuine issue of material fact existed as to whether appellee acted with malice when initiating proceedings against appellant. Attached to appellant's reply were excerpts from appellee's deposition, a photograph of his identification card, a copy of the complaints filed against him, and the history of his identification card produced through LEADS.
 {¶ 14} Further, in appellant's reply, he cited to Hayes, as containing the facts of the underlying criminal matter. According to that opinion, on July 1, 2002, the trial court granted appellant's motion to dismiss the charge against him for allegedly violating R.C. 4507.30. That opinion did not indicate the disposition of the action initiated by appellee.
 {¶ 15} Appellee replied on November 14, 2002. Appellant filed a surreply on November 19, 2002. The trial court conducted a hearing on appellee's motion on January 17, 2003.
 {¶ 16} The trial court granted appellee's motion on May 20, 2003. The trial court found that appellant could not maintain either his abuse of process or malicious prosecution claim. The trial court stated, "[i]n his complaint, [appellant] makes claims for malicious prosecution and abuse of prosecution. Since that time, [appellant] has conceded in his Memorandum Contra, that he cannot maintain his `abuse of process' claim against [appellee]. Therefore, the remaining claim to be considered by this Court is malicious prosecution."
 {¶ 17} The trial court then stated that appellant put forth no evidence demonstrating that appellee acted with malice when initiating the criminal proceedings against appellant. Further, the trial court found that appellee was immune from liability pursuant to R.C. 2744.03. The trial court then found that appellant could not establish malicious prosecution and stated, "therefore, [appellee's] Motion for Summary Judgment is hereby granted."[2]
 {¶ 18} From this judgment, appellant sets forth the following assignment of error:
 {¶ 19} "[1.] The trial court erred in granting [appellee's] summary judgment motion below."
 {¶ 20} Before addressing the merit of appellant's assignment of error, we will first lay out the appropriate standard of review. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 21} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 22} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 23} In appellant's sole assignment of error, he argues that the trial court erred by granting summary judgment to appellee. Specifically, appellant contends that the immunity afforded to political subdivision employees under R.C.2744.03(A)(6) is not applicable to a Section 1983, Title 42, U.S. Code claim brought against a police officer. For the reasons set forth below, we have determined that appellee was entitled to judgment as a matter of law on appellant's claims for malicious prosecution and violations of Section 1983, Title 42, U.S. Code, and we need not address whether R.C. 2744.93 immunity was applicable to appellee.
 {¶ 24} "`The tort of malicious prosecution compensates the plaintiff for the damage done to dignity and reputation caused by false accusation of a crime. * * * The damage occurs whether the plaintiff is arrested or * * * haled [sic] into court on a summons.'" Robb v. Chagrin Lagoons Yacht Club, Inc.,75 Ohio St.3d 264, 269, 1996-Ohio-189, quoting Trussell v. GeneralMotors Corp. (1990), 53 Ohio St.3d 142, 145-146.
 {¶ 25} In order to succeed on a cause of action for malicious prosecution in Ohio, a plaintiff must satisfy three elements: (1) malicious institution of prior proceedings against plaintiff by defendant; (2) lack of probable cause for the filing of a prior lawsuit; and (3) termination of prior proceedings in plaintiff's favor. Robb at 269. Malice refers to "an improper purpose or any other purpose other than the legitimate interest of bringing an offender to justice." Criss v. Springfield Twp. (1990),56 Ohio St.3d 82, 85.
 {¶ 26} As stated, appellee attached to his motion for summary judgment excerpts from his deposition, excerpts from appellant's deposition, and copies of two complaints filed against appellant. This evidence demonstrated that appellee had probable cause to file the complaint and an honest belief that appellant violated R.C. 2921.13(A)(5).
 {¶ 27} Appellant attached similar information to his reply. These documents failed to affirmatively demonstrate that appellee acted with malice when instituting the criminal proceedings against appellant, that appellant lacked probable cause to file the complaint, or that the R.C. 2921.13(A)(5) charge did not result in a conviction. Appellant thus failed to meet his reciprocal burden to affirmatively demonstrate a genuine issue of material fact as to his claim for malicious prosecution
 {¶ 28} Further, in order to succeed on a cause of action for a violation of Section 1983, Title 42, U.S. Code, appellant must "`prove at least two elements: (1) that he has been deprived of a right "secured by the Constitution and laws" of the United States; and (2) that the defendant deprived him of this right while acting under color of law. * * *'" Schwarz v. Bd. ofTrustees of The Ohio State Univ. (1987), 31 Ohio St.3d 267, 272, quoting Coffy v. Multi-Cty. Narcotics Bur. (C.A.6, 1979),600 F.2d 570, 576.
 {¶ 29} Appellant specifically alleged in his complaint and argued in his reply to appellee's motion for summary judgment that appellee violated Section 1983, Title 42, U.S. Code, by depriving him of his right to be secure in, and free from, unreasonable seizures guaranteed under the Fourth andFourteenth Amendments to the United States Constitution. Appellant argued that appellee violated these rights by maliciously prosecuting appellant for an offense which he had no probable cause to believe appellant had committed.
 {¶ 30} Based on the evidence put forth by the parties as part of the summary judgment exercise, we concluded that there existed no genuine issue of material fact that appellee did have probable cause to file a complaint against appellant and did not act maliciously when doing so. As such, there existed no genuine issue of material fact that appellee did not violate appellant'sFourth and Fourteenth Amendment rights by instituting legal proceedings against appellant.
 {¶ 31} Accordingly, the trial court properly granted summary judgment to appellee. Appellant's sole assignment of error is without merit, and we hereby affirm the judgment of the trial court.
Ford, P.J., Rice, J., concur.
[1] It is worth noting that the record contains a reference toState v. Hayes [sic], aka Santa Claus, 119 Ohio Misc.2d 124,2002-Ohio-4228. That opinion details the July 1, 2002 dismissal of the charge brought by Farinelli against appellant for allegedly violating R.C. 4507.30. However, Farinelli and appellee jointly filed a complaint alleging that appellant violated R.C.2921.13(A)(5). That complaint, dated December 27, 2001, is the only complaint brought by appellee, and our analysis will thus focus on the R.C. 2921.13(A)(5) allegation. Nothing in theHayes opinion references this allegation, and nothing in the record verifies the disposition of that action.
[2] Appellant's claim for abuse of process was never dismissed, nor did the trial court address the merits of that claim in its May 20, 2003 judgment entry. Accordingly, we remanded this matter with an order that the trial court clarify the status of appellant's abuse of process claim. The trial court entered a May 19, 2004 judgment dismissing appellant's abuse of process claim.