**In re WURGLER.**

2005-Ohio-7139.]

Court of Common Pleas of Ohio,
Medina County, Probate Division.

No. 2004 12 NC 00063.

Decided July 12, 2005.

John J. Lohn, Judge.

{¶ 1} This matter came on for hearing before John J. Lohn, Judge of the Court of Common Pleas, Probate Division, on July 11, 2005. The matter before the court was an objection to the Magistrate's Decision denying an application for a change of name.

{¶ 2} Present in court was Scott Christopher Wurgler, pro se.

{¶ 3} Wurgler seeks to change his name to Sacco Vandal.

{¶ 4} The application was filed on December 17, 2004. Notice of the application was published in the Medina County Gazette on January 3, 2005. The magistrate held hearings on the application on February 17 and May 5. The magistrate's decision was issued June 17. The applicant filed his objection on June 22, 2005.

{¶ 5} R.C. 2717.01(A) states:

A person desiring a change of name may file an application in the probate court of the county in which the person resides. The application shall set forth that the applicant has been a bona fide resident of that county for at least one year prior to the filing of the application, the cause for which the change of name is sought, and the requested new name.

Notice of the application shall be given once by publication in a newspaper of general circulation in the county at least thirty days before the hearing on the application. The notice shall set forth the court in which the application was filed, the case number, and the date and time of the hearing.

Upon proof that proper notice was given and that the facts set forth in the application show reasonable and proper cause for changing the name of the applicant, the court may order the change of name.

{¶ 6} The applicant and his twin brother, Matthew Allen Wurgler, both filed name-change applications on the same date. The brother is seeking to change his name to Vanzetti Vandal.

{¶ 7} The magistrate denied the application for name change, finding that the brothers sought to change their first names to those of the anarchists Nicola Sacco and Bartolomeo Vanzetti and their surnames to Vandal, the name of a Germanic tribe known for the destruction and sacking of Rome in the fifth century. The magistrate decided that granting the name change would be contrary to public policy because the new name was "synonymous with anarchism, wanton destruction and murder."

{¶ 8} At the objections hearing, the applicant gave the following reasons for changing his name: (1) his new name would reflect his Italian heritage, (2) the new name has a pleasant ring to it and he wished to use the new name in his rock band and in other business ventures, (3) the new name will help him in his future bid for public office, and (4) he wanted a name that he himself selected.

{¶ 9} At common law, anyone may assume any name he or she wishes so long as taking the name is not for fraudulent purposes. *Pierce v. Brushart* (1950), 153 Ohio St. 372, 41 O.O. 398, 92 N.E.2d 4. In the absence of a statute to the contrary, a person may change his or her name at will, without any legal proceedings, merely by adopting a new name. This most commonly occurs when some wives take the surnames of their husbands. They establish their new names by custom and practice—not through a court order.

{¶ 10} A name change authorized by a court is a different matter. Changing a name through judicial decree implies an official consideration and a judicial endorsement of the new name. The standard for deciding whether to permit a "legal" name change is proof that the facts set forth in the application show "reasonable and proper cause" for changing the name; *In re Willhite* (1999), 85 Ohio St.3d 28, 706 N.E.2d 778. This is a narrower and more exacting standard of review than would occur if the applicant had simply begun using a new name to identify himself.

{¶ 11} A court should deny a change of name if the change would involve a potential for fraud, if it would interfere with the rights of others, if the change would permit the applicant to avoid a legal duty, or if the change was in some way contrary to the strong public policy of the state.

{¶ 12} By way of illustration, an application to change a man's name to "Santa Claus" was denied on the basis that it would mislead children and interfere with society's proprietary interest in the identity of a beloved icon. *In re Name Change of Handley* (2000), 107 Ohio Misc.2d 24, 736 N.E.2d 125. A sex offender's name change was denied because the applicant wished to avoid having to register as a sex offender under state law. *In re Name Change of Whitacre,* Portage App. No. 2003–P–0051, 2004-Ohio-2926, 2004 WL 1238603.

4

{¶ 13} On the other hand, a transsexual male was permitted to change his name from Richard to Susan as part of his sex reassignment therapy. *In re Maloney*, 96 Ohio St.3d 307, 2002-Ohio-4214, 774 N.E.2d 239. Two lesbians were permitted to change their names to the same last name "to demonstrate their level of commitment to each other and to the children they planned to have." *In re Bicknell*, 96 Ohio St.3d 76, 2002-Ohio-3615, 771 N.E.2d 846.

{¶ 14} Both *Maloney* and *Bicknell* were decided by the Ohio Supreme Court. These Supreme Court decisions are binding on this court under the principle of stare decisis. Stare decisis is the doctrine of precedent. This court is bound to follow those legal principles enunciated by the Ohio Supreme Court. *State v. Jones* (Jan. 12, 2000), Lorain App. No. 98CA007057, 2000 WL 46114.

{¶ 15} Few people are aware of the name "Sacco" and its connection to the anarchist movement in 20th century America. Even fewer would associate the name "Vandal" with the Vandal hoards of Europe.[1] "Sacco Vandal" is an unusual name, but it does not immediately conjure up an image of evil and infamy such as "Ghengis Khan," "Benedict Arnold," "Adolph Hitler," or "Osama Bin Laden."

{¶ 16} It's a free country. The applicant is a grownup. He can change his name to anything he wants so long as the new name is not clearly improper or unreasonable. The name "Sacco Vandal" is not so "synonymous with anarchism, wanton destruction and murder" that the application for name change should be denied. If the applicant is using the name change to make a statement to society—and most applicants do—it is a subtle one. Most people won't "get it" without a short history lesson and a long social commentary.

{¶ 17} The requested name change is not intended to defraud creditors or to avoid any legal duty. The change would not violate the public policy of the state and it would not mislead, confuse, or injure others. The new name is not an epithet, a number, or an unpronounceable symbol.

{¶ 18} The applicant's objection to the magistrate's decision is sustained.

{¶ 19} Findings. On February 17, 2005, and May 5, 2005, an application for change of name was heard by this court. The court finds that proper notice of the application and hearing date was given by one publication in a newspaper of general circulation in this county at least 30 days prior to the first hearing on the application. The court further finds that reasonable and proper cause exists for changing the name. The court further finds that the applicant's complete name

---

1. A check of a White Pages website reveals more than a dozen presumably law-abiding Ohioans with the surname of Vandal.

at birth was Scott Christopher Wurgler, applicant's date of birth was March 8, 1984, and his place of birth was Middleburg Heights, Cuyahoga County, Ohio.

{¶ 20} Therefore, it is ordered that the name of Scott Christopher Wurgler be changed to Sacco Vandal.

So ordered.