## Midwestern Indemnity Co.
## v.
## Manthey, Adm.
*[Cite as 5 AOA 89]*

*Case No. L-89-230*
*Lucas County, (6th)*
*Decided July 13, 1990*

*James E. Brazeau and Jean Ann S. Sieler, for Appellee.*

*David M. Mohr and John R. Wanick, Appellants.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas.

The facts of this case are as follows. On January 31, 1986, Louis Kikolski shot and killed Lottie Urban at Kikolski's residence and then committed suicide. Kikolski was suffering from Alzheimer's disease at the time of the incident. Also at the time of the incident, Kikolski held a homeowner's insurance policy issued by appellee, the Midwestern Indemnity Company ("Midwestern"). The policy provided liability coverage of $100,000; however, pursuant to an exclusionary clause, such coverage did not apply to bodily injury "expected or intended by the insured."

In a separate action, Frank Manthey, administrator of the estate of Lottie Urban, brought a wrongful death action against Lee Kikolski, executor of the estate of Louis Kikolski (Lucas County Common Pleas Case No. 87-0331).

In response, Midwestern brought the present action for declaratory judgment against appellants, Lee Kikolski, executor of the estate of Kikolski, and Frank Manthey, administrator of the estate of Urban. Midwestern alleged that because Kikolski expected or intended to injure Urban it had no duty to defend or 'indemnify appellants in the wrongful death action. Following a bench trial, the trial court rendered judgment on July 7, 1989, declaring that Midwestern had no duty to defend or indemnify the estate of Louis Kikolski.

It is from this judgment, that appellants raise the following two assignments of error:

"I. The decision of the trial court was against the manifest weight of the evidence. In arriving at its decision, the trial court

"(a) Erroneously weighed the testimony of Phillip Lecso, M.D. and Norman Foster, M.D.; and

"(b) Applied an incorrect definition of 'intent'; and

"(c) Applied an incorrect and conflicting burden of proof;

"II. The trial court erred in not making a ruling on the issue that Plaintiff is judicially estopped from asserting non-coverage based upon

an admission contained in pleadings filed in an ancillary action."

As their first assignment of error, appellants argue that the decision of the trial court was against the manifest weight of the evidence. Specifically, appellants argue that the trial court erroneously weighed the testimony of the expert witnesses, applied an incorrect definition of intent and applied an incorrect burden of proof.

The insurance policy issued' by Midwestern contained the following intentional injury exclusion clause:

*"Coverage E - Personal Liability and Coverage F - Medical Payments to Others* do not apply to *bodily injury* or *property damage:*
'a. which is expected or intended by the *insured;'''*

The general rule is that the burden is on the insurance company to prove the fact that such exclusion applies. *Collings-Taylor Co. v. American Fidelity Co.* (1917), 96 Ohio St. 123, 133. However, "an insane individual cannot commit an intentional tort within the meaning of an intentional injury exclusion clause." *Nationwide Mut. Fire Ins. Co. v. Turner* (1986), 29 Ohio App. 3d 73, 76. Further, it is well-settled law that a person is presumed sane unless otherwise shown. *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 444.

Accordingly, we hold that the party arguing that an insured was insane (therefore rendering an intentional injury exclusion clause inapplicable) has the burden of proving, by a preponderance of the evidence, such insanity. See *West American Ins. Co. v. McGhee* (Ind. App. 1988), 530 N.E. 2d 110, 112. Further, insanity which precludes the application of an intentional injury exclusion clause has been defined as "a derangement of [one's) intellect which deprive[s) him of the capacity to govern his conduct in accordance with reason." *Nationwide, supra.* Therefore, this court is to determine whether there is competent, credible evidence to support the trial court's determination that appellants failed to prove that Kikolski lacked the capacity to govern his conduct in accordance with reason at the time of the shooting. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80.

Testimony at trial from expert witnesses, Norman L. Foster, M.D. and Phillip A. Lecso, M.D., established that Kikolski suffered from Alzheimer's disease. However, Dr. Foster testified that it was unlikely that Alzheimer's disease caused Kikolski to shoot Urban and that such action "represented some plan or rationality on [Kikolski's) part." In contrast, Dr. Lecso testified that Alzheimer's disease had left Kikolski without control over his facilities.

Although Dr. Foster's testimony was disputed, it is not within this court's province to weigh the credibility of testimony offered at trial. Therefore, we find Dr. Foster's testimony constitutes competent, credible evidence to support the trial court's determination that Kikolski was capable of governing his conduct in accordance with reason when he shot Urban.

Accordingly, appellants' first assignment of error is found not well-taken.

As their second assignment of error, appellants argue that Midwestern is estopped from arguing that Kikolski's actions were intentional based upon an answer filed in the ancillary wrongful death action. In such action, brought by the administrator of Urban's estate against the executor of Kikolski's estate, the executor of Kikolski's estate raised as an affirmative defense that Kikolski "was not capable of formulating intent to injure" Urban. The wrongful death action was stayed pending resolution of the. present declaratory judgment action.

In *Faxon Hills Construction Co. v. United Brotherhood of Carpenters and Joiners of America* (1958), 168 Ohio St. 8, paragraph one of the syllabus, the court held as follows:

"To operate as a judicial admission, an allegation in a pleading must be an allegation of a material and competent fact and not a mere statement of a legal conclusion."

In the present case, we do not find that the affirmative defense raised by the executor of Kikolski's estate in the wrongful death action is an allegation of a material and competent fact, but rather, is a mere statement of a legal conclusion. Therefore, we do not find that such affirmative defense estops Midwestern from arguing the issue of Kikolski's mental state in the present declaratory judgment action.

Accordingly, appellants' second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellants pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., RESNICK, J. concur.