DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The plaintiff-appellant, William James Teagle, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of the defendants-appellees, who are adjacent landowners, and finding that the appellant's boundary line claim was barred by res judicata. We reverse and remand.
In 1955, Madeline L. Teagle and her late husband acquired title to a large parcel of property on Steels Corners Road ("Teagle property"). In 1995, Mrs. Teagle filed a complaint seeking ejectment, quiet title, declaratory judgment, trespass and mandatory injunction concerning a portion of that property. Mrs. Teagle died shortly after the trial court rendered its decision, and the appellant was substituted as party plaintiff-appellant for purposes of appeal.
The appellees, Scott and Kimberly Lint, Fifth/Third Bank, Armond and Anne Tucci, Louise Plymire, Larry Plymire, and Gloria Graczyk, all own or have an interest in property that abuts the western property line of the Teagle property. The exact location of that property line is in dispute, causing the ownership of a triangular-shaped piece of land, consisting of approximately seven-tenths of an acre, to be contested.
The appellant asserted that a proper interpretation of the deed indicated that the Teagle property included all of the land that was in dispute in this case. Even if this were not the case, the appellant maintained that the Teagles were entitled to the disputed land by virtue of adverse possession. The Teagles claimed that they maintained a fence around the entire property and utilized the property for more than the requisite statutory period.
The trial court granted partial summary judgment to the appellees on the issue concerning the location of the property line. The issue of adverse possession was left to be resolved at trial. At the conclusion of a trial before the magistrate, the appellees moved for the dismissal of the appellant's case pursuant to Civil Rule 41(B)(2). The magistrate found that the appellant had failed to prove all of the elements necessary for a claim of adverse possession and granted the dismissal.
The appellant timely appealed, raising four assignments of error. At oral argument, the appellant voluntarily withdrew the three assignments of error pertaining to evidentiary issues and the dismissal of the adverse possession claim. The sole assignment of error remaining pertains to the summary judgment ruling on the boundary line issue.
 ASSIGNMENT OF ERROR
The court erred in granting summary judgment for appellees holding the boundary line claimed by them had been conclusively established in prior litigation under the evidentiary rule of judicial admissions and the doctrine ofres judicata.
Pursuant to Civ.R. 56(C), summary judgment shall be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, it must appear from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Because only legal questions exist, no special deference is afforded the trial court upon a review of an entry of summary judgment and the matter is reviewed de novo. Lorain Cty. Bd. of Commrs. v. United StatesFire Ins. Co. (1992), 81 Ohio App.3d 263, 267.
The question concerning the correct location of the boundary line first arose in the late 1950's when the lot adjacent to the Teagle property had not yet been subdivided into the lots now owned by the appellees. The Teagles' deed indicated that their property was a rectangular shaped lot, with the long eastern and western boundaries running parallel to each other (approximately 192 feet wide by 1428 feet long). However, the deed description contained conflicting calls in that the northern and southern sides of the property were not the same size, making it impossible for the disputed western border to run parallel to the eastern lot line.
When the adjacent property was subdivided, a surveyor named Bonzo delineated a boundary line which was not parallel to the lot line and which allegedly cut into the appellant's property by about forty feet at the southern end. All of the appellees' deed descriptions are based on this survey, and they believe that they own the land up to the "Bonzo Line." The appellant had a survey done in 1961 by a man named Stockman, and the boundary known as the "Stockman Line" showed that the disputed property belonged to the Teagles. A 1995 survey by Lawrence Butterworth also indicated that the Stockman Line was the boundary line.
The material fact allegedly at issue in this case was whether the Stockman Line was the correct boundary line, or whether the Bonzo Line was the correct boundary line. The trial court found that in a 1962 complaint against their title company, the Teagles had acknowledged that the Bonzo Line was the true boundary line, and that they did not own the disputed property. The trial court determined that, as a matter of law, the appellant was estopped from litigating the boundary dispute by the doctrine of resjudicata and was also bound by a prior "judicial admission." We do not come to that conclusion.
The concept of res judicata involves both claim preclusion (historically called estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). New WinchesterGardens, Ltd. v. Franklin Cty. Bd. of Revision (1997), 80 Ohio St.3d 36,41. This case involves collateral estoppel. "The purpose of collateral estoppel is to preclude `the relitigation, in a second cause of action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action.' (Emphasis sic.)" Id.
quoting Whitehead v. Genl. Tel. Co. (1969), 20 Ohio St.2d 108,112.
 Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.
Thompson v. Wing (1994), 70 Ohio St.3d 176, 183. Ohio courts have consistently held that collateral estoppel may be invoked "only when the party seeking to use the prior judgment and the party against whom the judgment is being asserted were parties to the original judgment or in privity with those parties." Goodson v.McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 202.
We do not find that collateral estoppel is applicable in this case. In the early 1960's, the Graczyks erected a white picket fence on property that the Teagles claimed belonged to them. In 1962, both the Graczyks and the Teagles initiated suits against their title companies, each stating that they had been deprived of a portion of their property because of the adverse claim.[1]
Both landowners eventually settled with their title companies and dismissed the action. The record does not contain any information concerning the settlements or whether any damages were paid to any of the parties. Shortly thereafter, the Graczyks removed their picket fence. A few years later, the Teagles erected a fence close to the Stockman Line boundary.
The information contained in the pleadings and the facts in this case do not support any of the necessary elements of collateral estoppel. First, the issue was not actually and directly litigated in the prior action because the litigation was terminated by a settlement. Therefore, there was no decision or final judgment by a court of competent jurisdiction. The record does not contain any information concerning the settlement or what, if any, conclusion was reached. In fact, it would appear as if the Teagles' boundary claim may have prevailed due to the fact that the Graczyks removed their fence shortly thereafter. And finally, none of the appellees or their predecessors in title were parties to the Teagles' suit with their title company.
The doctrine of res judicata should not be permitted to encroach upon fundamental rights and to deny parties their day in court. Whitehead v. Genl. Tel. Co., 20 Ohio St.2d at 116. The trial court erred in determining that the Teagles' action was barred by collateral estoppel.
We also do not find that the Teagles' statement in their complaint against their title company constituted a judicial admission that could substituted for proof of material fact in the present action. It is the general rule that a statement of fact by a party in his pleading is an admission that the fact exists as stated, and, as such, is admissible against him in favor of his adversary. See Gerrick v. Gorsuch (1961), 172 Ohio State 417, paragraph 2 of the syllabus; Peckman Iron Co. v. Harper (1884),41 Ohio St. 100, 105-106. The Ohio Supreme Court has stated that:
 [t]o operate as a judicial admission, an allegation in a pleading must be an allegation of a material and competent fact and not a mere statement of a legal conclusion.
Faxon Hills Constr. Co. v. United Brotherhood of Carpenters
(1958), 168 Ohio St. 8, paragraph one of the syllabus. See, also,Midwestern Indemn. Co. v. Manthey (1990), 68 Ohio App.3d 539, 542. Moreover, statements do not rise to the level of a judicial admission where there is no indication that the statement was intended to dispense with formal proof of material facts. Holeskiv. Lawrence (1993), 85 Ohio App.3d 824, 833. See, also, HarrisonConstr. Co. v. Ohio Turnpike Comm. (C.A. 6, 1963), 316 F.2d 174,177 (statement was not free of equivocation and was not a judicial admission). To constitute a judicial admission, the statement "must be distinct and unequivocal, and be, by intention, an act of waiver relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose." Carl Gene Towing Serv., Inc. v. ShortwayLines (Mar. 26, 1982), Lucas App. No. L-81-265, 1982 Ohio App. LEXIS 11817, *5.
In the case at bar, the Teagles' stated in their complaint against their title company that "they had learned that they did not own a portion of the property described" in the complaint. (Emphasis added.) This was not an unequivocal statement of fact, but was merely an assertion that was framing the issue to be decided in that action. See McCarty v. Kimmel (1989), 62 Ohio App.3d 775,779 (statement in pleading that plaintiff was bringing the action "upon the belief that he is the natural father" was not a judicial admission of paternity). The statements did not rise to the level of a judicial admission because there was no indication that the statement was intended to dispense with formal proof of material facts. It was simply the Teagles' conclusion
that there was contested ownership of the property in question, based upon information that they had received. The trial court erred in finding that this statement constituted a judicial admission that dispensed with the need for proof of the material fact as to the location of the property line in the present case.
Moreover, even if the Teagles' statement would have been a judicial admission, there would still have been a dispute of material facts that would have precluded summary judgment. The Graczyks, who are appellees in this case, made the same declaration in their complaint against their title company, alleging that they had learned that the Teagles owned the property in question. If the Teagles' statement had been a judicial admission, then the Graczyks' statement would also have been a judicial admission, and would have placed the ownership of the property in question. Furthermore, the boundaries alluded to by the Teagles in their action against the title company do not comport with the boundaries that are in dispute in the case subjudice, so there would still have been an unresolved issue concerning at least a portion of the property.
Based upon the foregoing, the trial court erred in granting summary judgment in favor of the appellees. The appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further action consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
REECE, J.
CONCURS_______
[1] The language in the Graczyks' and the Teagles' respective petitions against their title companies was nearly identical. The Graczyks' petition read:
 Plaintiffs further say that thereafter they learned that they did not, nor did [their predecessors] contrary to said title guarantee of Defendant [title company], own a portion of the land described in paragraph 2. Said portion consists of a triangle [described herein].
The Teagles' petition stated:
 Plaintiffs further say that thereafter they learned that they did not own a portion of the property described in paragraph 2 of this, their petition, nor did [their predecessors] own a portion of the said property, contrary to the said title guarantee of defendant. Said portion consists of a triangle [described herein].