OPINION
{¶ 1} John Kuss is appealing the judgment of the Montgomery County Common Pleas Court, which granted summary judgement in favor of United States Fidelity and Guaranty Company.
 {¶ 2} Kuss was severely injured in an automobile accident due to the negligence of Steven Drexler on July 10, 1999. At the time of the accident, Kuss was operating a vehicle owned by his employer, Enterprise Rent-A-Car. Drexler had liability insurance limits of $12,500 available to him. Ultimately, Kuss settled with Drexler's liability coverage and provided Drexler with a release in December of 2000. During the 1999 calendar year Kuss made several attempts to discover the specific name of the insurance company providing UM coverage to Enterprise Rent-A-Car employees. Eventually, Kuss filed a Complaint for Discovery and learned the identity of the underinsured motorist carrier providing underinsured motorist coverage to employees of Enterprise Rent-A-Car, which included United State Fidelity and Guaranty Company ("USFG").
 {¶ 3} In April of 2002, Kuss brought an action against USFG for underinsured motorist coverage pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292. On August 22, 2002, Kuss filed a motion for summary judgment. USFG opposed Kuss's motion and filed a cross-motion for summary judgment. The trial court entered a decision sustaining Kuss's motion for summary judgment on the issue of whether he was an insured under the policy, but overruled Kuss's remaining arguments. Additionally, the court sustained USFG's motion for summary judgment on the issue of whether Kuss's claim was precluded based on this Court's decision in Cincinnati Ins. Co. v. Estateof McClain, Greene App. No. 2001-CA-96, 2002-Ohio-1190.
 {¶ 4} Kuss has filed this appeal from the trial court's grant of USFG's motion for summary judgment. USFG has not appealed the trial court's partial grant of summary judgment to Kuss on the issue of whether he was an insured under the policy. Kuss raises the following sole assignment of error.
 {¶ 5} "The Trial Court Erred As A Matter Of Law In Sustaining Defendant-appellee's United States Fidelity And Guaranty Co. (USFG) Motion For Summary Judgment."
 {¶ 6} Kuss argues that the trial court erred in granting USFG's motion for summary judgment based on USFG's argument that Kuss could not recover under the policy because he had failed to provide prompt notice and had destroyed USFG's subrogation rights without applying the test the Ohio Supreme Court set out in Ferrando v.Auto Owner's Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217. USFG argues that the trial court's grant of summary judgment should be sustained because Kuss was not covered by the policy because he did not prove he was in a "covered auto" under an exclusion in the policy or alternatively because even after applying Ferrando, summary judgment would be appropriate. Additionally, USFG argues that any award to Kuss must be reduced by $50,000 due to a $50,000 self-funded retention in the policy. We agree with Kuss.
 {¶ 7} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 8} We will first address USFG's claim that Kuss was not covered by the insurance policy because of the policy's "other owned autos" exclusion. In analyzing whether an "other owned autos" exclusion in an UM/UIM policy excludes coverage for an individual, we must address the following issues in order: (1) Whether the individual was an "insured" under the policy?, (2) If so, is coverage excluded for the individual in this factual situation pursuant to the "other owned autos" exclusion? and (3) is the "other owned autos" exclusion enforceable? SeeAgudo De Uzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814. In the present case, no issue remains as to whether Kuss was an "insured" under the policy. The trial court granted Kuss's motion for summary judgment on this issue. Since the trial court determined that Kuss was an insured under the USFG underinsured motorist policy and USFG has not appealed that judgment, the issue is not before this Court.
 {¶ 9} Next, we should determine whether USFG's insurance policy excluded coverage in this situation under the "other owned autos" exclusion. If a plaintiff has demonstrated that coverage exists, the burden of proof then falls on the insurance company to demonstrate that an exclusion of coverage applies to the factual situation. ContinentalIns. Co. v. Louis Marx Co. Inc. (1980), 64 Ohio St.2d 399; MichiganMiller Ins. Co. v. Anspach (1996), 109 Ohio App.3d 618; MidwesterrnIndemnity Co. v. Manthey (1990), 68 Ohio App.3d 539.
 {¶ 10} USFG's uninsured motorist policy excluded coverage for:
 {¶ 11} "`Bodily injury' sustained by:
 {¶ 12} "A) You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form; * * *."
 {¶ 13} Further, on the policy's declarations sheet, it defined a "covered auto" for underinsured motorists coverage as "13." On the Covered Auto Designation Symbol page of the insurance policy "13" is defined as "Van/Car Pool units only. Only those `autos' that are subject to a `van/car pool agreement' and the subject to a `van/car pool agreement' and certificate of insurance specifies that you have agreed to provide uninsured and/or underinsured motorists coverage for the `provider' and/or `operator'."
 {¶ 14} USFG argues that Kuss has failed to offer any evidence that the vehicle he was occupying at the time of the accident met the above quoted criteria to be a "covered auto" under the policy. Specifically, USFG asserts that the only evidence before the trial court regarding the vehicle Kuss was occupying at the time of the accident was Kuss's affidavit wherein he stated that he was driving a 1999 Ford F-150 that was owned by Enterprise Rent-A-Car. (Appellee's brief p. 10). However, USFG, as the insurance company trying to enforce an exclusion in the insurance policy, has the burden of proof to show that the exclusion applies. USFG has not offered any proof that the vehicle Kuss was occupying at the time of the accident was not a "covered auto." USFG has admitted as much by stating in its brief that the only evidence before this Court on the issue was the statement in Kuss's affidavit. Since USFG has not presented any evidence on this issue, we cannot uphold the trial court's grant of summary judgment based on this exclusion despite USFG's argument to the contrary. Since we did not determine that coverage was excluded for Kuss in this factual situation based on the "other owned autos" exclusion, we need not reach whether the exclusion was enforceable.
 {¶ 15} Next, we will address whether the trial court erred in granting USFG's motion for summary judgment based on USFG's allegations that Kuss failed to provide prompt notice and destroyed USFG's subrogation rights without utilizing the Ferrando analysis. The USFG policy contained both "notice" and "subrogation-related" provisions. The "notice" provision was found in the general conditions of the Business Auto Coverage, which stated in part:
 {¶ 16} "2. Duties In The Event of Accident, Claim, Suit or Loss
 {¶ 17} "We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
 {¶ 18} "a. In the event of `accident', claim, `suit' or `loss', you must give us or our authorized representative prompt notice of the `accident' or `loss'. Include:
 {¶ 19} "(1) How, when and where the `accident' or `loss' occurred;
 {¶ 20} "(2) The `insured's' name and address; and
 {¶ 21} "(3) To the extent possible, the names and addresses of any injured persons and witnesses."
 {¶ 22} USFG asserts that this "notice" provision required Kuss to provide USFG with prompt notice of the accident.
 {¶ 23} Also, the USFG policy contained a "subrogation-related" provision in the general conditions of the Business Auto Coverage that provided:
 {¶ 24} "5. Transfer Of Rights Of Recovery Against Others To Us
 {¶ 25} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 26} Moreover, the Ohio UM/UIM endorsement to the USFG policy contained a "subrogation-related" provision that stated as follows:
 {¶ 27} "2. Duties In The Event of Accident, Claim, Suit or Loss is changed by adding the following:
 {¶ 28} "* * *
 {¶ 29} "c. A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the `insured' and the insurer of the vehicle described in Paragraph F.3.b of the definition of `uninsured motor vehicle' and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph F.3.b of the definition of `uninsured motor vehicle.'"
 {¶ 30} USFG asserts that these "subrogation-related" provisions of the USFG policy required Kuss to secure and protect USFG's subrogation rights and to do nothing to impair them.
 {¶ 31} Based on these "notice" and "subrogation-related" provisions, USFG moved for summary judgment before the trial court. The trial court relied on this Court's decision in McClain, supra and granted summary judgment in USFG's favor. However, McClain has been reversed by the Ohio Supreme Court based on its decision in Ferrando, supra.
 {¶ 32} In Ferrando, the Ohio Supreme Court stated in regard to a breach of notice requirement that "when an insurer's denial of UIM coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 81. Additionally, the Court held in regard to a breach of a subrogation clause that "when an insurer's denial of UIM coverage is premised on the insured's breach of a consent-to-settle or other subrogation related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 88.
 {¶ 33} The Ohio Supreme Court then set forth a two prong inquiry for trial courts to conduct when evaluating whether a prompt notice or subrogation-related provision was breached and, if so, whether the insurance company was prejudiced:
 {¶ 34} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.' Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
 {¶ 35} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. * * * If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." ¶ 90-91.
 {¶ 36} The trial court did not conduct this two part inquiry as required by Ferrando. Therefore, this matter must be remanded to the trial court for consideration of the notice and subrogation clause arguments pursuant to the analysis articulated in Ferrando. Kuss's assignment of error is sustained.
 {¶ 37} USFG further argues that this Court should hold that any potential UM/UIM coverage to Kuss should be reduced by $50,000 because the USFG policy contained an "automobile self-funded retention" endorsement. The self-funded retention endorsement states that the damages caused in any one accident "that would otherwise be payable under UNINSURED/UNDERINSURED MOTORISTS COVERAGE will be reduced by the self-funded retention shown in the above Schedule." The Schedule lists the self-funded retention as $50,000.
 {¶ 38} However, the trial court failed to address this issue when deciding summary judgment. Since this case must be remanded to the trial court to conduct the Ferrando analysis, we find that it is premature for this Court to address USFG's argument regarding the self-funded retention and therefore choose not to address this issue.
 {¶ 39} The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
FAIN, P.J. and WOLFF, J., concur.