OPINION
{¶ 1} Plaintiff-appellant, Constance Uebel, appeals a decision of the Butler County Court of Common Pleas granting partial summary judgment in favor of defendants-appellees, Board of Education of the Edgewood City School District and its individual members, ("the Board"), in an employment discharge action.[1]
 {¶ 2} In May 1998, appellant was hired by the Board as treasurer for the Edgewood City School District. Her employment contract was set to expire in January 2001. The contract could be terminated by agreement, appellant's death, or for just cause. In May 1999, the Board gave appellant a letter expressing its dissatisfaction with her job performance. In November 1999, after going into executive session, the Board voted to terminate appellant's employment, ostensibly because her job performance was not satisfactory. The Board replaced appellant with an interim treasurer, Mary Martin, who had previously held the position. Martin is also female and some years older than appellant. Approximately two months later, Martin was replaced by Ryan Slone, a younger, male employee.
 {¶ 3} In February 2000, appellant brought suit in federal district court alleging, inter alia, that the Board violated Section 1983, Title 42, U.S. Code by depriving her of her rights and privileges guaranteed by the Due Process Clause. In June 2000 she filed a second action against the Board in the Butler County Court of Common Pleas, alleging identical due process violations. Her complaint in common pleas court further alleged breach of contract, violations of R.C. 3313.22 (which governs the appointment of school board treasurers), violations of R.C.121.22 (Ohio's "Sunshine Act"), sex discrimination, and age discrimination.
 {¶ 4} In July 2000, the Board moved to dismiss appellant's Sunshine Act claim pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. In January 2001, the trial court granted the motion and dismissed appellant's Sunshine Act claim with prejudice. Appellant did not appeal this decision.
 {¶ 5} In May 2000, appellant's federal suit was dismissed on the merits. The Board subsequently moved for partial summary judgment in the state action arguing that appellant's due process claims were barred by res judicata as a result of the federal district court decision. In April 2001, the trial court granted partial summary judgment in favor of the Board, finding that appellant's due process claims were barred by res judicata.
 {¶ 6} Appellant appealed, arguing that the trial court erred by finding her Section 1983 claims were barred by res judicata. This court reversed the trial court's decision and remanded the matter for further proceedings. See Uebel v. Bd. of Edn. ofEdgewood City School Dist., Butler App. No. CA2001-05-104, 2002-Ohio-864. This court noted that on appeal of the federal district court decision, appellant had been permitted to voluntarily dismiss her suit, thus barring application of res judicata to dismiss her suit in common pleas court.
 {¶ 7} In March 2002, appellant filed a second amended complaint. Among her various claims, appellant restated her claim under the Sunshine Act. The Board moved for summary judgment with regard to all the claims alleged in appellant's second amended complaint. The trial court granted the motion in part, and denied the motion in part. The trial court determined that the Board was entitled to judgment in its favor with regard to appellant's Sunshine Act claim, Section 1983 claims, federal due process claims, her claim based on the Board's alleged violation of R.C.3313.22, and on her age discrimination claim. The trial court found that questions of fact remained with regard to all the other claims. Appellant appeals, raising three assignments of error.
 {¶ 8} An appellate court conducts a de novo review of a trial court's decision granting summary judgment. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. In a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C);Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 9} The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. In deciding whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co., 82 Ohio St.3d 482, 485, 1998-Ohio-408.
 {¶ 10} In her first assignment of error, appellant alleges that the trial court erred by granting summary judgment in favor of the Board as to her age discrimination claim.
 {¶ 11} Absent direct evidence, in order to establish a prima facie case of age discrimination in an employment discharge action, a plaintiff-employee "must demonstrate that she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age."[2] Coryell v. BankOne Trust Co., N.A., 101 Ohio St.3d 175, 2004-Ohio-723, at paragraph one of the syllabus. The term "substantially younger" as applied to age discrimination in employment cases "defies an absolute definition and is best determined after considering the particular circumstances of each case." Id. at paragraph two of the syllabus.
 {¶ 12} The Board concedes that appellant has presented evidence that she is a member of a protected class and that she was discharged. Review of the record reveals a question of fact regarding the third prong, appellant's qualifications for the position. This question is thus resolved in appellant's favor for the purpose of considering the summary judgment motion. We are left then to consider whether appellant presented evidence that she was replaced by "a person of substantially younger age." Because a question of fact remains as to whether appellant was replaced by Martin or Slone, we will construe this evidence in appellant's favor, and for purposes of deciding the summary judgment question, conclude that she was replaced by Slone.
 {¶ 13} Although the trial court found "no evidence" in the record that Slone is younger than appellant, we note that the Board, in its answer to appellant's second amended complaint, admitted that "the Board has hired a male treasurer who is younger than [appellant][.]" This statement, contained in a pleading, is a judicial admission that Slone is younger than appellant. See Dennis v. Ford Motor Co. (1997),121 Ohio App.3d 318, 323. A party having the burden of proof on a material fact need not offer any evidence to prove it if it has been judicially admitted by the opposing party. Id. citingGerrick v. Gorsuch (1961), 172 Ohio St. 417, paragraph two of the syllabus. Any further evidence with respect to that fact is without material effect. Gorsuch at 420.
 {¶ 14} However, the Board's admission does not provide evidence that Slone is "substantially" younger than appellant. In fact, the Board's answer denies all other assertions alleged in that paragraph of appellant's complaint. Consequently, it was incumbent upon appellant to present evidence as to the substantial nature of the age difference in order to establish her prima facie case of age discrimination. She cannot rely on the bare assertion in her complaint as evidence going to this factual question. Mitseff, 38 Ohio St.3d at 115. Because appellant has failed to present prima facie evidence in support of her age discrimination claim, the Board is entitled to judgment in its favor on this issue. The assignment of error is overruled.
 {¶ 15} Appellant alleges in her second assignment of error that the trial court erred in dismissing her Sunshine Act claim on res judicata grounds.
 {¶ 16} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Res judicata operates to bar litigation of "`all claims which were or might have been litigated in a first lawsuit.'" (Emphasis omitted.) Id. at 382, quoting Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62. Thus, the doctrine of res judicata applies not only to what was determined but also to every question which might properly have been litigated.Stromberg v. Bratenahl Bd. of Edn. (1980), 64 Ohio St.2d 98,100.
 {¶ 17} The trial court's disposition of appellant's Sunshine Act claim was based on a finding that, as a matter of law, no relief is available to her on the claim as pled. The trial court consequently dismissed appellant's cause of action under the Sunshine Act with prejudice. The term "with prejudice" connotes the claim preclusion bar imposed by res judicata, resulting from a prior decision on the merits. Grava, 73 Ohio St.3d at 379. Accordingly, any further pleading of this claim is barred by res judicata. See Collins v. National City Bank, Montgomery App. No. 19884, 2003-Ohio-6893. The second assignment of error is overruled.
 {¶ 18} Appellant's third assignment of error again alleges that the trial court erred by granting summary judgment in favor of the Board on her Sunshine Act Claim. In this assignment of error, appellant argues the merits of the Sunshine Act claim. Having concluded that this claim is barred by res judicata, we overrule appellant's third assignment of error.
 {¶ 19} Judgment affirmed.
Powell, P.J., and Valen, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] {¶ a} The Supreme Court's decision in Coryell, rendered subsequent to the filing of this appeal, modified the law regarding the prima facie evidence required to demonstrate age discrimination, absent direct evidence. Under prior case law, the fourth prong required the plaintiff to present evidence that she was replaced by, or her discharge permitted the retention of, an individual not belonging to the protected class. See Kohmescherv. Kroger Co. (1991), 61 Ohio St.3d 501, at syllabus.
{¶ b} The trial court reviewed the motion under the elements as defined in Kohmescher. As we conduct a de novo review of the motion, we have considered the assignment of error using the four prongs as delineated in Coryell. See Peerless Elec. Co. v.Bowers (1955), 164 Ohio St. 209, 210 ("a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation").
{¶ c} However, we note that review of the assignment of error under Kohmescher would yield the same result as the record is devoid of evidence that Slone is not a member of the protected class.