OPINION
{¶ 1} Plaintiff-appellant, George L. Pierce, appeals a decision of the Fayette County Court of Common Pleas awarding summary judgment to defendant-appellee, Brown Publishing Company d.b.a. the Record Herald, in this discriminatory discharge action. We affirm the decision of the trial court.
 {¶ 2} The Record Herald is a newspaper that is owned and published by appellee. In *Page 2 
January 2004, the paper began restructuring its circulation department. Managing editor Gary Brock informed appellant that the company was reorganizing and appellant's position as a truck driver/courier in that department was being abolished. Appellant's job duties were to be absorbed into the three remaining positions in the restructured circulation department.
 {¶ 3} Brock advised appellant that he could apply for the three open positions, each of which required computer skills. Appellant had no computer training whatsoever. Brock offered to provide computer training to appellant at no cost, but appellant refused. As a result, appellant was not hired for any of the open positions. The positions were filled by the same employees who worked along with appellant in the circulation department prior to the restructuring.
 {¶ 4} Appellant was terminated in March 2004. At that time, he was 70 years old, in good health, and had been an exemplary employee with the company in various positions for over 48 years.
 {¶ 5} In August 2004, appellant filed a complaint against appellee alleging wrongful discharge based upon age discrimination. Appellee moved for summary judgment, which the trial court granted in June 2006. Appellant timely appealed, raising one assignment of error.
 {¶ 6} This court conducts a de novo review of a trial court's decision on summary judgment. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where (1 ) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the *Page 3 
nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id. We are mindful of these considerations in assessing appellant's sole assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLANT HAD FAILED TO ESTABLISH THE THIRD AND FOURTH PRONGS OF THE TEST NECESSARY FOR A PRIMA FACIE CASE OF UNLAWFUL AGE BASED DISCRIMINATION."
 {¶ 8} Appellant argues that the trial court erred in granting summary judgment to appellee because appellant presented sufficient evidence to establish a prima facie case of age discrimination. Moreover, appellant insists that appellee used appellant's lack of computer skills as a pretext to fire him for his age.
 {¶ 9} Ohio law protects employees from unlawful discrimination in employment. See, generally, R.C. 4112.01 et seq. In particular, R.C.4112.14(A)[1] prohibits employment discrimination on the basis of age. The plaintiff bears the initial burden of presenting evidence of a prima facie case of age discrimination. Hoffman v. CHSHO, Inc., Clermont App. No. CA2004-09-072, 2005-Ohio-3909, ¶ 20. If the plaintiff succeeds, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for taking the adverse employment action against the plaintiff. Id. If the defendant produces such evidence, the burden shifts back to the plaintiff to produce evidence that defendant's reason was a mere pretext for discrimination. Id.
 {¶ 10} Absent direct evidence, a party seeking to establish a prima facie case of age discrimination in violation of R.C. 4112.14(A) must show that he or she: (1) was a member of *Page 4 
a statutorily-protected class; (2) was discharged; (3) was qualified for the position; and (4) was replaced by, or his or her discharge permitted the retention of, a person of substantially younger age. Coryell v. BankOne Trust Co. N.A., 101 Ohio St.3d 175, 2004-Ohio-723, ¶ 20. The "statutorily-protected class" includes persons age 40 or older. See R.C.4112.14(A).
 {¶ 11} Appellee concedes that appellant established the first two elements of a prima facie case of age discrimination. The evidence demonstrates that appellant (1) was 70 years old at the time of his discharge and was thus a member of a statutorily-protected class, and (2) was terminated from his position as a truck driver/courier. The question, then, is whether appellant could establish the third and fourth elements, namely (3) whether appellant was qualified for the position, and (4) whether appellant was replaced by a person of substantially younger age.
 {¶ 12} In order to establish that an employee is qualified for a position, the employee must prove that his job performance met his employer's legitimate expectations. McDonald v. Union Camp Corp. (C.A.6, 1990), 898 F.2d 1155, 1160, citing Huhn v. Koehring (C.A.7, 1983),718 F.2d 239, 243. Following the restructuring, the employees in the circulation department were expected to have computer skills. Appellant conceded that he did not have these skills and was not interested in acquiring them. In fact, appellant acknowledged at his deposition that he was not selected for the restructured positions because he had no computer skills. By his own admission, appellant did not meet appellee's legitimate expectations and was therefore not qualified for any of the restructured positions in the circulation department. Appellant thus failed to establish the third prong of a prima facie case of age discrimination.
 {¶ 13} There is no standard definition for what constitutes "substantially younger" as applied to age discrimination in employment cases. Coryell at ¶ 23. Rather, the particular circumstances of the case guide the court's inquiry into whether the complainant was *Page 5 
replaced by a substantially younger employee. See id. In order to establish this element, the employee must offer evidence of the age of his or her replacement. Uebel v. Bd. of Edn. of the Edgewood City SchoolDist., Butler App. No. CA2003-10-257, 2004-Ohio-2487, ¶ 14.
 {¶ 14} A thorough review of the record reveals absolutely no evidence of the ages of any individuals who allegedly replaced appellant. In his complaint, appellant alleged that "at least one or more of the people that [sic] were selected to fill his position were of a substantially younger age[.]" Appellant's affidavit avowed that "[his replacement] or other unknown persons who were employed were much younger than him in age[.]" Finally, in response to interrogatories propounded by appellee, appellant named persons he described as "three younger employees" who allegedly replaced him, but he neglected to specify their ages.
 {¶ 15} Appellant's vague, self-serving statements do not substantiate his allegations. An employee may not rely upon bare assertions that he was replaced by a substantially younger individual as evidence going to this question of fact. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115. Significantly, nowhere in the record does appellant present evidence of the ages of any individuals who allegedly replaced him. SeeUebel at ¶ 14. Appellant thus failed to establish the fourth prong of a prima facie case of age discrimination.
 {¶ 16} Even if appellant had satisfied his initial burden and established a prima facie case of age discrimination, his claim would still fail because appellee presented a legitimate, nondiscriminatory reason for terminating appellant which appellant failed to expose as pretextual. In order to establish pretext, an employee must show by a preponderance of the evidence that the proffered reasons for his termination had no basis in fact, did not actually motivate his termination, or were insufficient to motivate his termination.Manzer v. Diamond Shamrock Chem. Co. (C.A.6, 1994), 29 F.3d 1078, 1084. Appellant focuses upon the first factor, contending that appellee's reliance upon his lack of computer skills was a factually *Page 6 
baseless reason for terminating him.
 {¶ 17} In support of his argument, appellant maintains that his position was not abolished because the company still needed a truck driver/courier to haul and distribute newspapers. But the evidence shows that these particular duties, formerly carried out by appellant, were to be absorbed into the remaining positions in the circulation department. After the restructuring, there was no longer a position that solely handled the duties of a truck driver/courier. The restructured positions, which divided up appellant's job duties, all required computer skills. As stated, appellant was unwilling to learn these skills. Accordingly, the evidence supports appellee's assertion that appellant was terminated for the nondiscriminatory reason that he lacked the requisite skills to qualify for a position once the circulation department was restructured. Appellant's insistence that this reason was pretextual is meritless.
 {¶ 18} We conclude that the trial court did not err in awarding summary judgment to appellee after appellant failed to establish a prima facie case of age discrimination. Appellant's assignment of error is overruled.
 {¶ 19} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] R.C. 4112.14(A) provides: "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." *Page 1